IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. BRAINARD,

    Plaintiff,                    No. CIV S-11-0851 GEB DAD PS

    v.

CHRISTOPHER W. BOYD, et al.,         <u>ORDER</u>

    Defendants.

_____/

        This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1).  Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes.  Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  To state a claim on which relief may be

granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

The court find the allegations in plaintiff's complaint too vague and conclusory to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of

particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649. A complaint must also contain "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1) & 8(a)(3).

Here, plaintiff's complaint is deficient in several respects. First, the allegations of that complaint are so vague and factually sparse that it is difficult to even determine plaintiff's claims. It appears from the complaint that plaintiff was cited for driving on a suspended license, in violation of California Vehicle Code § 14601.1(a), and for failing to wear a seat belt, in violation of California Vehicle Code § 27315(d)(1). (Compl. (Doc. No. 1) at 6.) In his complaint plaintiff accuses defendants Christopher W. Boyd, E. Miller, George Little and Sargent Russo of stealing his vehicle and denying him his right to a jury trial. (Id. at 2-4.) While plaintiff's complaint names individual defendants, it fails to allege how any particular defendant acted under color of state law to deprive plaintiff of any constitutional right. Indeed, aside from vague and conclusory allegations, the defendants' actions are entirely unaccounted for in plaintiff's complaint.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell, 436 U.S. 658; Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Second, plaintiff alleges that he was denied his right to a trial by jury. (Compl. (Doc. No. 1) at 2.) In this regard, plaintiff's allegation appears to implicate the validity of his conviction in state court since he alleges he was denied a fundamental constitutional right during the course of the underlying state court criminal proceeding. Where a plaintiff seeks monetary damages or declaratory relief based on allegations that imply the invalidity of his conviction, such a claim is not cognizable unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The court cannot construe plaintiff's civil complaint as a habeas petition, but rather must dismiss the compliant without prejudice. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); see also Heck, 512 U.S. at 487.

Finally, the allegations found in plaintiff's complaint also appear to implicate errors related to his state court conviction. Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review alleged errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only in the United States Supreme Court). The doctrine applies to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

4

1  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  "The purpose of the
2  doctrine is to protect state judgments from collateral federal attack." Doe & Assocs. Law Offices
3  v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001).  Pursuant to this doctrine, a federal district
4  court is prohibited from exercising subject matter jurisdiction over a suit that is "a de facto
5  appeal" from a state court judgment.  Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir.
6  2004).  A federal district court may not examine claims that are inextricably intertwined with
7  state court decisions, "even where the party does not directly challenge the merits of the state
8  court's decision but rather brings an indirect challenge based on constitutional principles."
9  Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir. 2003).  See also Ignacio v. Judges of U.S.
10 Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming district court's dismissal of
11 the case "because the complaint is nothing more than another attack on the California superior
12 court's determination in [plaintiff's] domestic case").
13         Accordingly, for all the reasons cited above, plaintiff's complaint will be
14 dismissed for failure to state a claim.
15         The undersigned has carefully considered whether plaintiff may amend his
16 complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to
17 amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.
18 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake
19 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that
20 while leave to amend shall be freely given, the court does not have to allow futile amendments).
21 However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be
22 dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in
23 support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221,
24 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v.
25 Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to
26 amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

cured by amendment.") (quoting <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, because of the vague and conclusory nature of the allegations in plaintiff's complaint the court cannot say that it appears beyond doubt that leave to amend would be futile. Plaintiff's original complaint will therefore be dismissed, and he will be granted leave to file an amended complaint. Plaintiff is cautioned however that, if he elects to file an amended complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S. Ct. at 1949. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." <u>Id</u>. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" <u>Id</u>. at 1951 (quoting <u>Twombly</u>, 550 U.S. at 557).

Plaintiff is also reminded that any amended complaint he elects to file in this action must be complete in itself without reference to prior pleadings that have been dismissed. <u>See</u> Local Rule 220. The court cannot refer to prior pleadings in order to make plaintiff's first amended complaint complete. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Moreover, any amended complaint must set forth factual allegations describing the conduct and events which underlie his claims against each defendant named in the pleading.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 29, 2011 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. The complaint filed March 29, 2011 (Doc. No. 1) is dismissed with leave to amend.

3. Within thirty days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil

/////

1 Procedure and the Local Rules of Practice. The amended complaint must bear the case number
2 assigned to this action and must be titled "Amended Complaint."
3   4. Failure to respond to this order in a timely manner may result in a
4 recommendation that this action be dismissed.
5 DATED: May 25, 2011.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\brainard0851.ifp.ord