IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. BRAINARD,

     Plaintiff,                      No. CIV S-11-0851 GEB DAD PS

     v.

CHRISTOPHER W. BOYD, et al.,      ORDER

     Defendants.

_____/

        Plaintiff, William Brainard, proceeding in this matter pro se and in forma pauperis, has filed an amended complaint. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

The court find the allegations in plaintiff's amended complaint still too vague and conclusory to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.  A complaint must also contain "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1) & 8(a)(3).

Here, plaintiff's amended complaint is deficient in several respects. First, the allegations found in plaintiff's amended complaint fail to reveal the nature of defendants' alleged wrongful conduct. It appears from a reading of the amended complaint that on January 20, 2011 plaintiff was pulled over by officer E. Miller while driving in the City of Citrus Heights, California, because plaintiff was not wearing his seatbelt. When officer Miller asked plaintiff for his California Driver's License, plaintiff produced only his California Identification Card. Officer Miller subsequently learned that plaintiff's California Driver's License was suspended. (Am. Compl. (Doc. No. 4) at 3-4.)

Plaintiff's amended complaint is practically undecipherable. He alleges that defendant police officer Miller "knowing it unlawful to . . . make any false or fraudulent statement . . . imposed the minimum sentence; '24 hours deprivation of property by impound.'" (Id. at 5.) Plaintiff's alleges that his vehicle was then towed by College Oak Towing, an agent of "defendant Little." (Id.) Plaintiff alleges that he then proceeded to the office of the Chief of Police, where he was informed by "defendant Boyd" that "if a cash payment of eighty dollars was not tendered by plaintiff to his office the release order would not issue for plaintiff's property."[1]

As a result of these events plaintiff claims that he:

> was physically and emotionally exhausted from the contempt he received and endured by seizure of private property; arrest; adjudication; punishment and imposition of sentence upon plaintiff under the color of state law.

(Id. at 6.)

Notwithstanding plaintiff's alleged exhaustion, it is entirely unclear what wrongful acts plaintiff is attempting to allege that the defendants engaged in that would support a claim for relief. While plaintiff has asserted a number of claims, the amended complaint does

---

[1] , Plaintiff apparently names the Chief of the Citrus Heights Police Department, Christopher W. Boyd, as a defendant in this action based on his allegation that defendant police officer Miller is "employed under the complete jurisdiction and control of the Chief of Police." (Am. Compl. (Doc. No. 4) at 5.)

3

not indicate how any of those claims are supported by the actions of any defendant. Simply stated, it is not apparent from a reading of plaintiff's amended complaint what plaintiff is alleging that the defendants did that was unlawful.

Second, plaintiff's amended complaint alleges in a conclusory manner that the defendants violated his "rights under the Fourth, Fifth, Eighth and Fourteenth Amendments . . . including but not limited to" the right to be free from unreasonable search and seizure, the right to due process of law, the right to be free from the excessive use of force, and the right to be free from false arrest. (Am. Compl. (Doc. No. 4.) at 11.)

A litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs. City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

/////

4

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In order to state a cognizable claim under § 1983 the plaintiff must allege facts demonstrating that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is the plaintiff's burden in bringing a claim under § 1983 to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived him of a federal right. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

Here, the allegations found in the amended complaint fail to allege facts demonstrating that plaintiff was deprived of a right secured by the Constitution or laws of the United States. Moreover, the amended complaint fails to specify how the named defendants were responsible for depriving plaintiff of any such rights.

Third, plaintiff has named as a defendant the City of Citrus Heights ("City"). (Am. Compl. (Doc. No. 4.) at 2-3.) "To establish municipal liability under § 1983, a plaintiff must show that (1) [he] was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a deliberate indifference to [his] constitutional right; and (4) the policy was the moving force behind the constitutional violation." Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009). "Liability will lie against a municipal entity under § 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to an

official policy or longstanding practice or custom, or that the injury was caused or ratified by an individual with final policy-making authority." Chudacoff v. Univ. Med. Ctr. of S. Nev., --- F.3d ---, ----, 2011 WL 2276774, *6 (9th Cir. 2011) (internal quotation marks and citation omitted). See also Monell, 436 U.S. at 694.

Here, plaintiff has alleged no facts in his amended complaint that would support the inference that the City of Citrus Heights was involved in anyway in the events of January 20, 2011. Moreover, the amended complaint fails to allege that the City had an official policy or longstanding practice or custom relevant to the events of January 20, 2011.

Finally, in his amended complaint plaintiff raises a claim of fraud. (Am. Compl. (Doc. No. 4) at 6-7.) When a plaintiff raises claims of fraud, "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). Pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[2] Here, plaintiff has failed to plead the minimum evidentiary facts required under Rule 9(b).

---

[2] Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

Accordingly, for all the reasons cited above, plaintiff's amended complaint will be dismissed for failure to state a claim.

The undersigned has carefully considered whether plaintiff may further amend his complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972). See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, because the allegations found in plaintiff's amended complaint are so unclear the court cannot say that it appears beyond doubt that further leave to amend would be futile. Out of an abundance of caution, plaintiff's amended complaint will therefore be dismissed, and he will be granted further leave to file an amended complaint. Plaintiff is again cautioned however that, if he elects to file another amended complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950.
/////

1  Those facts must be sufficient to push the claims "across the line from conceivable to
2  plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).
3          Plaintiff is also reminded that the court cannot refer to a prior pleading in order to
4  make an amended complaint complete.  Local Rule 220 requires that any amended complaint be
5  complete in itself without reference to prior pleadings.  The amended complaint will supersede
6  the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended
7  complaint, just as if it were the initial complaint filed in the case, each defendant must be listed
8  in the caption and identified in the body of the complaint, and each claim and the involvement of
9  each defendant must be sufficiently alleged.  Plaintiff's amended complaint must include concise
10 but complete factual allegations describing the conduct and events which underlie his claims.
11         Accordingly, IT IS HEREBY ORDERED that:
12         1. Plaintiff's June 22, 2011 amended complaint (Doc. No. 4) is dismissed with
13 leave to amend.
14         2. Within thirty days from the date of this order, an amended complaint shall be
15 filed that cures the defects noted in this order and complies with the Federal Rules of Civil
16 Procedure and the Local Rules of Practice.  The amended complaint must bear the case number
17 assigned to this action and must be titled "Second Amended Complaint."
18         3. Failure to respond to this order in a timely manner may result in a
19 recommendation that this action be dismissed.
20 DATED: July 20, 2011.

                                              _____
                                              DALE A. DROZD
                                              UNITED STATES MAGISTRATE JUDGE

24 DAD:6
   Ddad1\orders.prose\brainard0851.lta2.ord